UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KARTER G. BECK,<br>f/k/a KALI D. BECK,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>POCATELLO WOMEN'S<br>CORRECTIONAL CENTER, and<br>CENTURION,<br><br>　　　　　　Defendants. | Case No. 4:25-cv-00709-DCN<br><br>**INITIAL REVIEW ORDER<br>BY SCREENING JUDGE** |

The Complaint of Plaintiff Karter G. Beck, formerly known as Kali D. Beck, was conditionally filed by the Clerk of Court due to her status as an Idaho Department of Correction (IDOC) inmate. Dkts. 3, 1. A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed.

After reviewing the Complaint, the Court has determined that Plaintiff will not be permitted to proceed but must file an amended complaint to correct deficiencies.

## REVIEW OF COMPLAINT

### 1. Factual Allegations

Plaintiff suffers from food allergies. On September 15, 2023, an IDOC dietician issued her a medical diet. Pocatello Women's Correctional Center (PWCC) prison staff allegedly did not follow the medical diet. In addition, Plaintiff alleges that the meals had fewer than the recommended calories to keep her healthy.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

On September 24, 2024, Centurion medical staff drew her blood to check for ongoing food allergy complaints and advised her that the labs came back normal. For a year after the testing, Plaintiff was fed a normal diet. However, on October 24, 2025, her blood was drawn again for the same complaints, and the labs were reviewed by the central office, which determined that the results were abnormal. Plaintiff asserts that she was fed the wrong diet for over a year in between the tests. She sues Centurion, the entity.

Plaintiff's multiple written attempts to resolve these issues with prison and medical staff have been unsuccessful.

## 2. Standard of Law

Under modern pleading standards, Federal Rule of Civil Procedure 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Court liberally construes a plaintiff's pleadings to determine whether the case should be dismissed for lack of a cognizable legal theory or a failure to plead sufficient facts to support a cognizable legal theory, under the *Iqbal*/*Twombly* standard.

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Title 42 U.S.C. § 1983 is an implementing statute that makes it possible to bring a cause of action under the Amendments to the United States Constitution.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 2

The Eighth Amendment protects prisoners who are convicted felons from cruel and unusual punishment. The Eighth Amendment requires that prisoners "receive food that is adequate to maintain health." *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993). An Eighth Amendment claim has two factors that must be met: an objective and a subjective factor.

A. Objective Factor

To state a claim, Plaintiff must state facts showing that she is "incarcerated under conditions posing a substantial risk of serious harm," or that she has been deprived of "the minimal civilized measure of life's necessities" as a result of Defendants' actions; the deprivation is analyzed under an objective standard (that is, what a *reasonable* person would have done). *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted).

The United States Court of Appeals for the Ninth Circuit has defined a "serious medical need" in the following ways:

> failure to treat a prisoner's condition [that] could result in further significant injury or the unnecessary and wanton infliction of pain; . . . [t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.

*McGuckin v. Smith,* 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

A prison food allergy claim—where prison officials omitted the allergy-causing foods, causing a reduction of calories in the prisoner's diet—was presented in *Davies v.*

INITIAL REVIEW ORDER BY SCREENING JUDGE - 3

*Low,* No. S–03–0014 LKK JFM P, 2006 WL 2478063 (E.D.Cal. Aug.28, 2006), *adopted by Davies v. Low,* No. S–03–0014 LKK JFM P, 2006 WL 3780856 (E.D.Cal. Dec. 21, 2006), *affirmed by Davies v. Low,* 297 F. App'x. 634 (9th Cir. 2008) (unpubl.). There, Davies had an allergy to eggs and tomatoes and alleged that prison officials failed to provide him adequate nutrition when they omitted but did not substitute the calories that would have been provided by eggs and tomatoes. It was undisputed that Davies' weight was within normal limits. *Id.* at \*7. The district court found that whether Davies should have been provided a diet supplement was merely a difference of opinion and not enough to prevail. *Id.* On appeal, the Ninth Circuit Court explained that a prisoner with a food allergy must show that the allergy constitutes a serious medical need, and held that Davies had not made that showing on the facts presented. 297 F. App'x at 635.

### B.  <u>Subjective Factor</u>

Plaintiff must also allege facts showing that Defendants were "deliberately indifferent" to her serious needs, which is "more than ordinary lack of due care for the prisoner's interests or safety," but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. Stated another way, deliberate indifference exists when an "official knows of and [recklessly] disregards an excessive risk to inmate health or safety," which means that an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838/

This subjective standard hinges on what the *particular defendant* knew and thought, not what a reasonable person should have known or done. In *Davies*, the Ninth Circuit

INITIAL REVIEW ORDER BY SCREENING JUDGE - 4

explained that the plaintiff was required to but failed to show that the prison official defendants knew of and disregarded a serious risk of harm caused by the food allergy. 297 F. App'x at 635.

Differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). Medical malpractice alone will not support a claim for relief under the Eighth Amendment. *Broughton v. Cutter Lab*, 622 F.2d 458, 460 (9th Cir. 1980). Gross negligence and ordinary negligence are not actionable under § 1983, because such actions are not an abuse of governmental power, but rather a "failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986).

### 3. Discussion

Plaintiff has not stated sufficient facts supporting Eighth Amendment food allergy and adequate nutrition claims. She wrote a letter accompanying her Complaint that states she possesses documentation about her claims but was unsure whether to submit it.

What is required is that Petitioner state facts in an amended complaint to meet the objective and subjective factors of the *Farmer* test. Within the body of the amended complaint, a plaintiff must explain the information from their exhibits and how it supports a constitutional claim. An exhibit does not take the place of allegations in a complaint. Whether Plaintiff also submits the exhibits is optional, but it usually is helpful to do so to provide context.

Plaintiff must state facts showing when she was first issued a medical diet, what

medical issue the diet addressed, and what the proper diet should have been. She must allege when she was fed an improper diet and what that diet consisted of. She must allege when she complained about the improper diet; to whom (prison official, kitchen staff, and/or medical staff); how each responded; and, if so, what the response was.

If Plaintiff desires to bring a claim that she was or is being served a diet with fewer than medically-recommended calories per day for the average person, then she must show when she complained of the deficiency, what staff responses were, and how she knows the calories being served are below recommendations.

Plaintiff must allege she was at a healthy weight before being incarcerated at the PWCC, that she began to lose weight and became unhealthy, that she notified certain staff of this problem, that certain staff confirmed the problem was due to lack of food or malnutrition, and that they ignored or refused to resolve the issue.

The officials and/or staff who ignored the above problems or refused to correct them after adequate notification to them are the proper defendants, not the PWCC, as explained below.

As to the allergy testing, Plaintiff must provide similarly detailed allegations. She must show that the person who interpreted the 2024 test did so with deliberate difference; that is, Plaintiff must provide facts showing that the person knew the test indicated that Plaintiff had an allergy, knew that the test results were invalid, or knew that results combined with an obvious continuing factor indicated that further testing was required, but the person chose to do nothing or chose to purposely report a wrong result. This person would be the proper defendant, not Centurion, the entity. If the test result was reported

incorrectly because of mistake or negligence, Plaintiff has no federal claim.

If other staff not involved in testing relied on the wrongly reported negative test result during the year before the new positive test result was obtained, Plaintiff must identify the staff and provide facts showing that, despite the wrongful result, the staff member knew that further testing was indicated, but chose to do nothing.

Plaintiff has not named a proper defendant. The Eleventh Amendment prohibits a federal court from entertaining a suit brought by a citizen against a state and state entities, unless that state waives its sovereign immunity. *Hans v. Louisiana*, 134 U.S. 1, 16-18 (1890). The Eleventh Amendment's jurisdictional bar applies "regardless of the nature of the relief sought." *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Therefore, Plaintiff cannot sue the IDOC or the PWCC, both state entities, in federal court.

If Plaintiff wants the Court to order prison staff to do or stop doing something, called "prospective injunctive relief," she can clarify that she is bringing an "official capacity" claim against a prison official who has authority to implement the order. *Ex Parte Young*, 209 U.S. 123, 157-58 (1908); *Rounds v. Or. State Bd. of Higher Educ.*, 166 F.3d 1032, 1036 (9th Cir. 1999).

If Plaintiff desires to seek monetary damages against prison, medical, or kitchen staff directly involved in the alleged violations, she must sue them in their *individual* capacity. To state such a claim, she must show that the defendant had personal participation in the alleged violation. Defendants can be held liable under § 1983 only if they caused the damages or injuries alleged, or, if a supervisor, they "knew of the violations and failed to

INITIAL REVIEW ORDER BY SCREENING JUDGE - 7

act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

If Plaintiff desires to sue Centurion, a private company performing a government function, she must allege facts showing that Centurion policy or custom inflicted the injury of which she complains. *Monell v. Dept. of Soc. Serv. of New York*, 436 U.S. 658, 694 (1978). To proceed on such a claim, a plaintiff must state facts showing: (1) the plaintiff was deprived of a constitutional right; (2) the company had a policy or custom; (3) the policy or custom amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *Mabe v. San Bernardino County, Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001) (internal citations and punctuation omitted)). In *Iqbal*, the Court clarified that a complaint must state plausible facts suggesting not simply that Defendants had a policy, but that the policy was adopted *for an unconstitutional purpose*, for example, discriminating against someone on the basis of their race, religion, or national origin. 556 U.S. at 682.

## INSTRUCTIONS FOR AMENDMENT

An amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon or incorporate by reference prior pleadings. Dist. Idaho Loc. Civ. R. 15.1. An amended pleading completely replaces the original pleading.

A pleading is more understandable if it is organized by claim for relief and defendant, rather than asserting a broad set of facts at the beginning of a pleading that are unrelated to a list of defendants elsewhere in the pleading. For each claim against each defendant, Plaintiff must state the following (organized by each defendant): (1) the name of the person or entity Plaintiff claims to have caused the alleged deprivation of

INITIAL REVIEW ORDER BY SCREENING JUDGE - 8

constitutional rights; (2) the facts showing that the defendant is a state actor (such as state employment or a state contract) or a private entity/private individual acting under color of state law; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular provision of the constitution Plaintiff alleges has been violated; (6) facts alleging that the elements of the violation are met; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief he is seeking from each defendant, including whether the claim is an official or individual capacity claim.

The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as an "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff files an amended complaint, she must also file a "Motion to Review the Amended Complaint."

## ORDER

**IT IS ORDERED:**

1. Plaintiff must file an amended complaint that complies with the instructions set forth above within 30 days after entry of this Order. Failure to do so will result in dismissal of the claims without further notice.

2. Plaintiff's Motion to Proceed in Forma Pauperis (Dkt. 1) is DENIED, as her prison trust account statement showed she had over $3,000 in her account on the date of filing—sufficient to pay the filing fee and pay for service of process if she is authorized to proceed at a later date. Plaintiff paid the filing fee, and

therefore no separate order requiring deductions from her trust account is necessary.

DATED: April 17, 2026

David C. Nye
U.S. District Court Judge